IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**JOSE` CARAPIA,**
*Individually, and on behalf of himself
and others similarly situated,*

 Plaintiffs,

 v.                                    No._____

**BUILDER SERVICES GROUP, INC.,**
*a Florida Corporation,*
**TOPBUILD HOME SERVICES, INC.,**
*a Florida Corporation,* and
**TOPBUILD CORP.,**
*a Florida Corporation,*               **FLSA Collective Action**
                                       **JURY DEMANDED**

Defendants.

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Jose` Carapia ("Plaintiff"), on behalf of himself, individually, and on behalf of himself and others similarly situated as a class, files this Collective Action Complaint, alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq*, including collective claims for unpaid overtime against Defendants, as follows:

### I. INTRODUCTION

1. This is a collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Builder Services Group, Inc., TopBuild Home Services, Inc., and TopBuild Corp., ("Defendants") on behalf of Plaintiff, individually, and on behalf of himself and other similarly situated wire gutter/insulation installers as a class ("Class Members"), who were employed by Defendants during the three (3) years preceding the

1

filing of this Complaint. Plaintiff and the class seek damages for unpaid overtime for those who have worked for Defendants as gutter/insulation installers at any time within the three (3) years preceding the filing of this lawsuit. The unpaid wage claims of Plaintiff and those similarly situated are unified through common theories of Defendants' FLSA violations.

## II. JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants have conducted business within this District during all relevant periods to this action. Moreover, Plaintiff has been employed by Defendants in this District during all times material to this action.

## III. PARTIES

4. Defendant Builder Services Group, Inc. is a Florida Corporation with its principal address at 475 North Williamson Blvd., Daytona Beach, Florida 32114-7101. Builder Services Group, Inc. can be served via its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546. Builder Services Group, Inc. does business as Dale Insulation, Dale Insulation of Knoxville, Quality Insulation and TruTeam.

5. Defendant TopBuild Home Services, Inc. is a Florida Corporation with its principal address at 475 North Williamson Blvd., Daytona Beach, Florida 32114-7101. TopBuild Home Services, Inc. can be served via its registered agent: CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant TopBuild Corp. is a Florida Corporation with its principal address at 475 North Williamson Blvd., Daytona Beach, Florida 32114-7101. TopBuild Corp. can be served via

its registered agent: CT Corporation System, 1200 S Pine Island Road, Plantation, Florida 33324.

7. Plaintiff Carapia was employed by Defendants as a gutter/insulation installer in this District during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Carapia's Consent to Join this collective action is attached hereto as *Exhibit A*.

## IV. FACTUAL BACKGROUND

8. Defendants are a nationwide contracting firm that specializes in the sale and installation of gutters, insulation, mirrors, shower doors, garage doors, fireplaces, mantels and storage systems.

9. Defendants provide materials and services to individual homeowners, local contractors and regional and national homebuilders.

10. Plaintiff Carapia and Class Members were employed by Defendants as gutter/insulation installers during the three (3) year period preceding the filing of this action.

11. Plaintiff and Class Members typically worked forty (40) or more hours per week for Defendants during all times material to this action.

12. Defendants have been the "employer" of Plaintiff and similarly situated gutter/insulation installers within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times material to this action.

13. At all times material to this action, Plaintiff and Class Members have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this collective action.

14. At all times material to this action, Defendants have been an enterprise engaged in

commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA.

15. Plaintiff and Class Members also have engaged in commerce during the applicable statutory period.

16. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203 (s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

17. Defendants have been responsible for the implementation and administration of pay practices related to Plaintiff and Class Members.

18. Defendants erroneously classified Plaintiff and Class Members as independent contractors.

19. Plaintiff and Class Members did not qualify as independent contractors but, instead, were employed by Defendants and subject to the coverage of the FLSA for the following reasons which, upon information and belief, applied to other gutter/insulation installers who worked for Defendants during the past three (3) years:

    a) Upon information and belief, Plaintiff is covered by Defendants' Workers Compensation insurance while working for Defendants;

    b) Plaintiff is subject to and has to comply with each and every employment policy of the Defendants;

    c) Plaintiff has no opportunity to derive a profit or suffer a loss (other than unpaid wages as addressed in this lawsuit) while working for Defendants;

    d) Defendants and Plaintiff's relationship is that of an employer/employee relationship of a more permanency nature than that for a discreet period of time in the nature of an independent contractor relationship;

e) Defendants are the beneficiary of Plaintiff's work;

f) The materials that Plaintiff installed for customers and the equipment used to install the materials were supplied solely by Defendants; and

g) Plaintiff, who worked as many as fourteen (14) hours per day -- Monday through Sunday -- of each work week for Defendants, was precluded and prevented from working for any other entity or person while employed by Defendants.

20. Defendants have paid Plaintiff and Class Members in various ways including but not limited to: per day rate, per week rate, piece rate and hourly, none of which included overtime.

21. Defendants have had a common policy, plan and practice of failing to pay Plaintiff and Class Members for hours worked in excess of forty (40) hours per week at the applicable FLSA overtime rate of pay within weekly pay periods during all times material to this Complaint.

22. Plaintiff and Class Members performed work in excess of forty (40) hours per week within weekly pay periods during all times material to this lawsuit without being paid the applicable FLSA overtime rate of pay for such overtime work.

23. Consequently, Plaintiff and Class Members have not received one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this Collective Action.

24. Defendants have been aware that Plaintiff and Class Members were not receiving one and one-half times their regular hourly rates of pay for all hours worked over forty (40) within weekly pay periods during the three (3) year period preceding the filing of this action.

25. The aforementioned unpaid overtime claims of Plaintiff and Class Members are unified

through common theories of Defendants' FLSA violations.

26. Defendants willfully and, with reckless disregard to the FLSA's established requirements, failed to compensate Plaintiff and Class Members at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this Complaint.

27. Defendants knew they were not compensating Plaintiff and Class Members for their compensable overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material without a good faith basis for their failure.

28. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members in violation of the FLSA.

29. The net effect of Defendants' common policy, plan and practice of failing to pay Plaintiff and Class Members at the applicable FLSA overtime rates of pay for the aforementioned overtime within weekly pay periods during all times material to this Collective Action, is that they unjustly enriched themselves and enjoyed ill-gained profits at the expense of Plaintiff and class members.

30. During Plaintiff's employment with Defendants, Plaintiff worked well in excess of forty (40) hours per week.

### V. COLLECTIVE ACTION ALLEGATION

31. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated gutter/insulation installers against Defendants pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

32. The proposed collective class of similarly situated persons is defined as:

> All current and former gutter/insulation installers employed by Defendants who were not paid overtime at the applicable FLSA overtime rates of pay

within weekly pay periods during the three (3) years preceding the filing of this action ("Class Members").

33. Plaintiff and Class Members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendants employed a common pay system that resulted in a failure to pay Plaintiff and Class Members for their overtime at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

34. This action is properly maintained as a collective action because Plaintiff is similarly situated to Class Members with respect to Defendants' pay and compensation policies, plans and practices.

35. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

36. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e., to pursue his aforementioned unpaid overtime claims against Defendants.

37. Counsel for Plaintiff will adequately protect his interests as well as the interests of all Class Members.

38. Defendants knew Plaintiff and Class Members performed work in excess of forty (40) hours per week within weekly pay periods that required overtime compensation to be paid. Nonetheless, Defendants operated under a common policy, plan and practice to deprive Plaintiff and Class Members of such compensation.

7

39. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and Class Members.

40. Defendants did not have a good faith basis for its failure to compensate Plaintiff and Class Members for their overtime hours of work at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

41. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members.

42. Therefore, Defendants are liable to Plaintiff and Class Members for failing to properly compensate them for the aforementioned unpaid overtime hours of work within weekly pay periods during all times material.

43. The aforementioned unpaid overtime claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA violations.

44. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation, as well as liquidated damages, under the FLSA, and other relief requested herein.

45. Plaintiff estimates there are more than one-thousand (1000) members in the collective class. The precise number of collective class members can be easily ascertained by examining Defendants' payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice at Defendants' work places.

46. Plaintiff and Class Members' unpaid overtime claims may be determined partially by an examination of Defendants' payroll, scheduling, time keeping, personnel and other such

work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act- Collective Unpaid Overtime Claims)

47. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

48. At all relative times, Plaintiff and Class Members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

49. Defendants have been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and Class Members also have engaged in interstate commerce during all times material to this action.

50. Defendants employed Plaintiff and each Class Members under the coverage of the FLSA, during all times relevant to this Complaint.

51. At all relevant times, Plaintiff and Class Members were "employees" of Defendants within the meaning of the FLSA's overtime wage requirements.

52. Plaintiff and Class Members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

53. Defendants' common policy, plan and practice of failing to pay Plaintiff and Class Members for their overtime within weekly pay periods during all times material without compensating them at the applicable FLSA overtime rates of pay has violated the FLSA.

54. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

55. Defendants' actions were willful with reckless disregard to clearly defined FLSA

provisions.

56. Defendants' actions were not in good faith.

57. The unpaid overtime claims of Plaintiff and Class Members are unified through common theories of Defendants' FLSA violations.

58. Defendants failed to keep accurate time and pay records of Plaintiff and Class Members as required by the FLSA.

59. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiff and Class Members have suffered and will continue to suffer a loss of income and other damages.

60. Defendants are liable to Plaintiff and Class Members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Class Members request the Court to enter judgment in their favor on this Complaint and:

(a) Award Plaintiff and class members FLSA statutory damages against Defendants;

(b) Award Plaintiff and Class Members all unpaid overtime compensation against Defendants;

(c) Find and declare Defendants' violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

(d) Award Plaintiff and Class Members liquidated damages in accordance with the FLSA;

(e) Award prejudgment interest to Plaintiff and Class Members (to the extent that liquidated damages are not awarded);

(f) Award Plaintiff and Class Members reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

(g) Award post-judgment interest and court costs to Plaintiff and Class Members as allowed by law;

(h) Enter an Order designating this action as an opt-in collective action under the FLSA;

(i) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

(j) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

(k) Provide additional general and equitable relief to which Plaintiff and Class Members may be entitled; and

(l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: May 10, 2023.

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*